(33 Misc. Rep. 699.)

### In re UVALDE ASPHALT PAVING CO.

(Supreme Court, Special Term, New York County. January, 1901.)

1. MANDAMUS—AFFIDAVITS—PROOFS—SERVICE.
   In an application for peremptory mandamus, affidavits and other proofs which were not served on the respondents with the order to show cause cannot be read or considered at the hearing.
2. SAME—DISPUTED FACTS.
   Under Code Civ. Proc. § 2070, providing that a peremptory writ of mandamus can only issue in the first instance where the applicant's right to mandamus depends only on questions of law, a peremptory writ of mandamus will not be issued where there is a dispute as to the facts.

Mandamus by the people, on the relation of the Uvalde Asphalt Paving Company, against Bird S. Coler, comptroller of the city of New York, and others, to compel respondents to pay the amount due under a contract. Writ denied.

Clarke & Culver, for relator.

John Whalen, Corp. Counsel (Terence Farley, of counsel), for respondents.

FITZGERALD, J. The first motion presented is for an order permitting the affidavit of R. Floyd Clark, verified November 2, 1900, together with Exhibits A, B, C, D, and E, verified October 18, 1900, and the affidavit of George J. Bradish, verified November 2, 1900, "to be used and served herein nunc pro tunc as part of the moving papers on the application for a writ of peremptory mandamus, under the order to show cause herein, dated August 13, 1900, and that said

order to show cause be allowed to be amended by the recital of said papers, as part of the papers upon which the motion for mandamus is made, or that the said papers be allowed to be used in reply to the affidavits in opposition served herein." The notice of application for a writ of peremptory mandamus was made by the service of a copy of the order to show cause, dated August 13, 1900, on the respondents, as follows: John F. Gouldsbury, first auditor of accounts of the borough of Manhattan, on August 13, 1900; on William H. Schott, deputy auditor of accounts of the borough of the Bronx, on August 14, 1900; on Michael T. Daly, deputy comptroller of the city of New York, on August 14, 1900; and on the corporation counsel, August 15, 1900. Copies of the papers upon which such order to show cause was granted were served upon all the parties at the time of the service of the order, and consisted of the petition of the Uvalde Asphalt Paving Company, verified August 13, 1900, and certain exhibits therein referred to, and marked Exhibits 1 to 48, inclusive; the affidavit of Ralph T. Rokeby, general manager of the Uvalde Asphalt Paving Company, verified the same day; the affidavit of Joseph L. Keller, verified the same day. The order to show cause was returnable on the 17th day of August, 1900. From the above statement it appears that the relator complied with the conditions required by section 2070 upon an application for a writ of peremptory mandamus founded upon an order to show cause, and on the return day the only papers that could be presented to the court by the relator were the papers used by him on his application, and copies of which had been served upon the respondents. The objection of respondents to the reception of the affidavits presents a question which was fully discussed in People ex rel. Del Mar v. St. Louis & S. F. R. Co., 47 Hun, 544, where it was held (Presiding Justice Van Brunt writing the opinion of the court):

"The requirement of the Code that a copy of the papers upon which the application is founded must be served with the order to show cause is a substantial one, as these papers are in the nature of a complaint to which the respondent is required to answer or demur upon the return day of the order, and hence must be served, in order that the respondent may be apprised of their contents."

In reference to the use and consideration of affidavits which were not served with the order to show cause, but were used upon the motion; the court held in the same case (Del Mar Case, supra):

"The reading and consideration therefore of these affidavits would have been, if the proper objection had been raised, error."

The objection appears now to have been properly interposed, and the motion must be denied.

The second motion is for a writ of peremptory mandamus directing the comptroller of the city of New York to pay the relator the sum of $102,867.59,—the amount claimed by it under the contract dated October 12, 1899. It is well settled that a peremptory writ of mandamus will not issue except where the facts upon which the application is based are undisputed or admitted. People v. Board of Sup'rs, 135 N. Y. 528, 32 N. E. 242. Without discussing the merits of this application, there is enough presented to the court in the

voluminous record to make it clearly appear that the material facts are disputed. "By section 2070, a peremptory writ of mandamus can only issue in the first instance where the applicant's right to mandamus depends only upon questions of law,—that is, where all the facts necessary to the exercise of the power to issue a peremptory writ are conceded; but if any of these facts are denied the court can only issue an alternative writ. The truth or falsity of these denials cannot be inquired into, so as to enable the court to issue a peremptory writ. * * * For the purpose of issuing a peremptory writ in the first instance, denials of a respondent cannot be disregarded as sham, nor can they be disregarded because the preponderance of evidence seems to be with the relator. The facts relied upon must be admitted or not denied, otherwise only an alternative writ can issue." People ex rel. Del Mar v. St. Louis & S. F. R. Co., supra.

It follows that the application for a peremptory writ of mandamus cannot be granted, but if relator so desires an alternative writ may issue. Orders to be settled upon notice. Ordered accordingly.