PEOPLE ex rel. MELLEDY v. SHEA, Bridge Com'r, et al.

(Supreme Court, Appellate Division, First Department. June 6, 1902.)

1. MANDAMUS—AFFIDAVITS—CONSIDERATION—PRESUMPTION.
    Where, on the hearing of an application for a writ of mandamus,
    leave was given the relator to file replying affidavits, and to the defend-
    ant to object to the same, but the order denying the motion does not
    refer to them, it must be presumed that they were objected to, or at
    least not considered.
2. SAME—TIME OF FILING.
    On applying for a writ of mandamus, the relator should present all
    his affidavits at the time of his application, and he cannot complain be-
    cause the court refused to consider affidavits subsequently offered.

Appeal from special term, New York county.

Mandamus by the people, on the relation of Thomas H. Melledy,
against John L. Shea, as commissioner of bridges of the city of
New York, and others. From an order denying a motion to re-
settle an order denying the writ, relator appeals. Affirmed.

Argued before HATCH, McLAUGHLIN, PATTERSON,
O'BRIEN, and LAUGHLIN, JJ.

Joab H. Banton, for appellant.
Theodore Connoly, for respondents.

McLAUGHLIN, J. The relator applied for a peremptory writ
of mandamus directing the defendant John L. Shea, as commis-
sioner of bridges of the city of New York, to make requisition upon
the civil service commissioners of such city for the names of per-
sons eligible and on the preferred list of appointments to the po-
sition of bridge tender, and requiring such civil service commis-
sioners to certify to the commissioner of bridges the names of hon-
orably discharged veterans of the Union army, and such other per-
sons as were entitled to a preference in the civil service under the

laws relating thereto, who were qualified and eligible to the position of bridge tenders, and declaring void certain appointments theretofore made. On the hearing of the application for the writ of mandamus, "on motion of the relator's counsel, leave was given to file replying affidavits on behalf of the relator, and like leave was given to the corporation counsel to object to any additional affidavits." In pursuance of this leave the relator thereafter submitted to the learned justice sitting at special term two additional affidavits, but in the order denying his motion no mention is made of them. Subsequently a motion was made to resettle the order so that the same should recite that these additional affidavits were considered upon the motion. The application was denied, and it is from that order that this appeal is taken.

There is nothing in the record before us to show that such additional affidavits were considered by the special term. When leave was given to the relator to submit additional affidavits, leave was also given to the respondents to object to the consideration of them; and, in the absence of anything in the record to the contrary, it must be presumed that the respondents objected to the consideration of the affidavits, or at least that they were not considered by the special term. The relator should have had all his affidavits presented when applying for the writ (People v. St. Louis & S. F. Ry. Co., 47 Hun, 543), and he cannot complain because the court refused to consider affidavits subsequently presented.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements. All concur.