PEOPLE ex rel. AUWELL v. CALDER et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1903.)

1. MANDAMUS—CLOSING WINDOWS IN PARTY WALL.
    Mandamus will not lie against the commissioner of buildings to compel him to permit the closing of windows in a party wall, where the resulting structure would be in violation of the Building Code of the city of New York.

Appeal from Special Term, Kings County.

Mandamus by the people of the state of New York, on the relation of Emma Rita Auwell, against William N. Calder and another. From an order denying the writ, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Richard M. Farries, for appellant.
James McKeen, for respondent Calder.
John T. Booth, for respondent Kinkele.

WILLARD BARTLETT, J. The relator and the respondent Kinkele are owners of adjoining pieces of property, upon which stands a party wall. In this party wall are a number of windows. The relator desires to brick up some of these windows, claiming the right so to do under the authority of the decision of this Appellate Division in De Baun v. Moore, 32 App. Div. 397, 52 N. Y. Supp. 1092, af-

firmed on opinion below, 167 N. Y. 598, 60 N. E. 1110. The relator submitted to the respondent Calder, who is the commissioner of buildings in the borough of Brooklyn, her plans for closing the windows and building up her one-half of the party wall, and requested his approval of these plans and the issuance of a permit accordingly. This request was refused, and Mr. Calder, upon the present application for a peremptory writ of mandamus to compel him to grant such approval and permit, shows by his opposing affidavit that such a structure as would result from allowing the relator to alter the condition of the party wall in the manner proposed by her would be a violation of the Building Code of the city of New York.

This position of the commissioner of buildings is fully sustained by the statutory provisions to which he refers, and the learned court at Special Term did perfectly right in denying the relator's application. It is contended in her behalf that the decision in the De Baun Case, above cited, precludes any such objection on behalf of the building authorities of the municipality, inasmuch as the objection was made in that case that the change there proposed in the party wall was forbidden by the Building Code. It is to be observed, however, that no officer of the building department was a party to that litigation, which was simply a submitted controversy upon an agreed statement of facts between the owners of the party wall. In determining that controversy, the court passed upon their rights as to one another, and upon no other question. The adjudication was in no manner binding upon the building authorities, and in no wise authorized any construction prohibited by the Building Code. The order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.