(51 Misc. Rep. 75.)

PEOPLE ex rel. O'DONNELL v. BERMEL, President of Borough of Queens et al.

(Supreme Court, Special Term, Queens County.    June, 1906.)

MANDAMUS—WHEN GRANTED—RESTORATION TO OFFICE.
    On application for a peremptory writ of mandamus to restore the relator to a position, in the bureau of highways in a borough, which he had formerly held and from which he had been suspended, where the answering affidavit shows an abolition of the office, the writ must be denied.
    [Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Mandamus, § 48.]

Application by the people, on the relation of William O'Donnell, against Joseph Bermel, president of the borough of Queens, and James P. Hicks, as superintendent of the bureau of highways, for a writ of mandamus. Writ denied.

Gregg, O'Leary, Frank & De Witt (Denis O'Leary, of counsel), for relator.

John J. Delany, Corp. Counsel (Edward S. Malone, of counsel), for respondents.

GARRETSON, J. This is a motion by the relator for a peremptory writ of mandamus. The application is made upon a verified petition and is met by the answering affidavits submitted.

The relator has presented a replying affidavit, having for its object the controverting of certain allegations contained in the answering affidavits. The counsel for the defendants has objected to the receipt and consideration of the replying affidavit. His objection is well taken and must be sustained. The Code (section 2070) requires "that a copy of the affidavits setting forth the facts upon which the right of the relator to the writ depends, must be served with the notice of motion or order to show cause." This requirement is a substantial one, as these papers are in the nature of a complaint to which the defendants are required to demur or answer upon the return day, and hence must be served in order that the defendants may be apprised of their contents. Where objection is made to the reception of replying affidavits, the reading and consideration of them is error. People ex rel. Del Mar v. St. Louis & S. F. R. Co., 47 Hun, 543; People ex rel. Melledy v. Shea (No. 2) 73 App. Div. 237, 76 N. Y. Supp. 682; Matter of Kennedy, 75 App. Div. 189, 77 N. Y. Supp. 714; Matter of Uvalde Paving Co., 33 Misc. Rep. 699, 68 N. Y. Supp. 1106.

The relator alleges that he was appointed a foreman in the bureau of highways at a salary of $4 per day, after having passed the physical and practical examination prescribed by the municipal civil service commission; that he continued in such position until December 30, 1905, when he was suspended or laid off from said position and has since been refused employment by the defendant Hicks, superintendent of said bureau; that he is an exempt volunteer fireman, having served the period required by law prior to his appointment as aforesaid; that the termination of his services was made by the superintendent of highways of the borough without any charges having been preferred against him and without any hearing being granted or an opportunity given to make an explanation, or without any cause whatsoever, and that no statement showing the reasons or grounds for his removal or suspension was filed with the municipal civil service commission of the city of New York; that the said position has not been abolished.

The answering affidavits submitted by the defendants allege that on December 30, 1905, the position as held by the relator was abolished by the former borough president, and relator's name was thereupon duly transmitted to the municipal civil service commission and was entered on the preferred list of the commission as a person eligible for further appointment to the same or a similar position, and still remains on said list; that, since the defendant Bermel became incumbent of the office of borough president, relator's services have not been found necessary in the bureau of highways on account of the lack of work therein, and generally that the relator has not been re-employed in the interests of public economy, and because of the limitations of appropriations for the maintenance of the office of president of the

borough it has become compulsory to eliminate all unnecessary expenses by even further reducing the number of employés in the bureau of highways.

The relator's case rests upon the incontrovertible allegations of his petition and the statements contained in the answering affidavits. The material statements of the latter must be taken as true. As to any disputed questions of fact the answering affidavits are conclusive. Haebler v. New York Produce Exchange, 149 N. Y. 414, 44 N. E. 87. It is, therefore, an established and incontrovertible fact that on December 30, 1905, the position of the relator was abolished. Hence it is not material that the position was lost to him without compliance had with the provisions of section 21 of the civil service law (Laws 1899, p. 809, c. 370, as amended), for he was not removed from his position or employment. That the position was abolished for sufficient reasons must be accepted as a fact, for every public official is presumed to act in the line of his duty and in the public interests. It is not essential that it be shown that economic reasons alone influenced official action, for the statute contemplates that it may be that the position held by a veteran or volunteer fireman may "become unnecessary or be abolished for reasons of economy or otherwise." Civil Service Law, § 21, supra. A position may be abolished for good and sufficient reasons without giving notice to the occupant or affording him an opportunity to explain or without a formal hearing upon charges, if it be done in good faith and in the public interest. Jones v. Willcox, 80 App. Div. 167, 80 N. Y. Supp. 420; Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670; People ex rel. Chappel v. Lindenthal, 173 N. Y. 524, 66 N. E. 407.

In the case at bar it is not alleged that the position held by the relator was abolished in bad faith, and it must be presumed to have been done for valid and sufficient reasons. The relator cannot successfully invoke, on this application, that provision in the section of the civil service law above cited, which requires that a volunteer or veteran fireman holding a position which shall have been abolished "shall not be discharged from the civil service, but shall be transferred to any branch of said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor," for he does not ask such relief, but only that he be restored to the position of which he has been deprived.

Relator's name has been duly certified to the municipal civil service commission and placed upon the list of suspended employés for preferential re-employment in the service of the city, as provided by section 1543 of the revised charter (Laws 1901, p. 636, c. 466), and, under the facts as made to appear by the record in this case, no other course was required or permissible.

It follows from the foregoing that the relator's motion for a peremptory writ of mandamus must be denied.

Motion denied.