(63 Misc. Rep. 511.)

### PEOPLE ex rel. LIND v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, New York County. June 29, 1909.)

WATERS AND WATER COURSES (§ 203*)—PUBLIC WATER SUPPLY—SUPPLY TO
CONSUMERS—CHARGES—FAILURE OF METER TO REGISTER.

Greater New York Charter (Laws 1901, p. 210, c. 466) § 473, provides that water rents shall become a lien upon the premises, but no charge whatever shall be made against a building in which a water meter may have been placed as provided in the act, but that the charge shall be determined only by the quantity of water actually used, as shown by the meter. Laws 1908, p. 1135, c. 382, in effect May 19, 1908, amended sections 473, 475, of the charter, to provide that, when the meter shall cease to record the water passing through it, a charge may be made for the water during the interruption of registry at the average daily registration of water indicated by the meter for three months subsequent to its repair and reconnecting to the service pipes. A meter failed to record water used from April 29, 1907, to July 30, 1908, when it was repaired. *Held*, that no charge could be made for water used from April 29, 1907, to May 18, 1908, but a charge for the period from May 18, 1908, to July 30, 1908, could be calculated by charging at the average rate of consumption shown by the meter for the period from July 30, 1908, to October 30, 1908.

[Ed. Note.—For other cases, see Waters and Water Courses, Dec. Dig. § 203.*]

Mandamus by the People, on the relation of Marthe H. Lind, against the City of New York and others. Writ granted.

Goldfogle, Cohn & Lind (Alfred D. Lind, of counsel), for the motion.

Francis K. Pendleton, Corp. Counsel (Edward Maxson, of counsel), opposed.

GIEGERICH, J. The relator, during the period from April 29, 1907, to July 30, 1908, was the owner of certain premises commonly known as No. 2074 Second avenue, in the city of New York. She has since sold the property, but has obligated herself to her vendee either to pay the water rates assessed against the premises during the period mentioned or to procure the cancellation of the record lien arising from the charge standing against the premises upon the books of the department of water supply, gas, and electricity. The present application is for a peremptory writ of mandamus directing the cancellation of the charge for the period from April 29, 1907, to May 18, 1908, and allowing a charge to be fixed for the remainder of the period from May 18, 1908, to July 30, 1908, on the basis of the average consumption, as shown by the meter thereafter placed in said premises, and in accordance with the registration of the meter for the period from July 30, 1908, to October 30, 1908. It appears that there was a meter on the premises during the whole of the time in question, but that it was out of order and made no record of the water used. On July 30, 1908, the meter was repaired, and on October 30, 1908, it was read. From the total quantity of water used during the last-named period, as shown by the meter, the daily average during that time was calculated, and a charge was then made for the period from April 29, 1907, to July 30, 1908, upon the assumption that the daily average during that time

had been the same as it was for the three months ending October 30, 1908. It is freely admitted that water was used upon the premises during the time when the meter was out of order and that it has not been paid for. The question upon this application, however, is not how much water was used, or whether the municipality can recover in an action, or against whom such recovery might be had, but whether the record lien represents a charge lawfully ascertained, or one fixed upon erroneous and illegal principles.

Section 473 of the Greater New York charter (Laws 1901, p. 210, c. 466), dealing with the subject of water rents apportioned according to the dimensions and uses of the premises, also provided:

"Said rents, including the extra charges aforesaid, shall become a charge and lien upon such houses and lots, respectively, as herein provided, but no charge whatever shall be made against any building in which a water meter may have been or shall be placed as provided in this act. In all such cases the charge for water shall be determined only by the quantity of water actually used as shown by said meters."

By chapter 382, p. 1135, of the Laws of 1908, that section and section 475 of the charter were amended so as to provide:

"That when by any cause or reason the meter shall fail to register correctly, or shall by any defect cease to record the water passing through it, or, where said meter shall have been removed from a building for repairs, or for any other reason, then the commissioner of water supply, gas and electricity shall be authorized to charge for the water between the interruption of the registry of the water by said meter, at the average daily registration of water indicated by said meter for the period of three months subsequent to its repair or resetting after it has been properly repaired and reconnected to the service pipes, on his or her premises or place occupied or used as aforesaid."

This amendment went into effect on May 19, 1908, and was the first legislative authorization of a charge for water based upon an average calculated from the measurement shown by the meter for a subsequent period. Of course, it could not alter or affect liabilities incurred before it took effect. Under the provisions of section 473 of the charter, as it stood before the amendment of 1908, it has been decided that a charge arrived at in the precise manner adopted in the present case is unlawful, and that a peremptory writ of mandamus will be granted. People ex rel. McAuliffe v. City of N. Y., 129 App. Div. 551, 114 N. Y. Supp. 312. I have not considered the replying affidavit (People ex rel. O'Donnell v. Bermel, 51 Misc. Rep. 75, 100 N. Y. Supp. 728), and it has therefore been returned to the clerk.

My conclusion is that the relator is entitled to a peremptory writ of mandamus, directing that the charge for the period from April 29, 1907, to May 18, 1908, be stricken from the books of the department of water supply, gas, and electricity, and further directing that the charge for the period from May 18, 1908, to July 30, 1908, be calculated by charging at the average rate of consumption shown by the meter for the period from July 30, 1908, to October 30, 1908, with costs and disbursements, the amount of which will be determined upon the settlement of the order.