In the Matter of the Application of Louis Horwitz and Others, Copartners Doing Business under the Assumed Name of Horwitz Bros., Petitioners, for a Peremptory Mandamus Order against Lawrence J. Schwab, as Building Commissioner of the City of Buffalo, New York, and the City of Buffalo, Respondents.*

Supreme Court, Erie County, July 26, 1927.

Municipal corporations — zoning ordinances — mandamus to compel building commissioners of city of Buffalo to grant permit for use of building in restricted district — permission has been denied petitioner — certiorari and not mandamus is proper remedy.

Where permission to use a building within a restricted district in a city for the purpose of conducting a dry cleaning establishment has been denied by the municipal authorities, the remedy of the owner is by certiorari to review the action of the authorities and not by mandamus; mandamus can be used only to compel action and not to compel a particular action.

Motion for a peremptory order of mandamus.

*Saperston, McNaughtan & Saperston* [*Daniel N. McNaughtan* and *Howard T. Saperston* of counsel], for the petitioners.

*Frederic C. Rupp, Corporation Counsel* [*John E. Livermore* of counsel], for the building commissioner and city of Buffalo.

*Stein & Barber* [*Ward B. Arbury* of counsel], for the intervening property owners, opposed.

Noonan, J. The petitioners herein are asking for a peremptory order of mandamus to compel Lawrence J. Schwab, as building commissioner of the city of Buffalo, to issue a " certificate of occupancy and compliance " permitting them to conduct a " dry cleaning " business in a building erected by them on the rear of the lot at the northeasterly corner of South Park and Richfield avenues.

On the return day of the order to show cause certain interested property owners in the immediate vicinity appearing by counsel, were allowed to intervene.

An order heretofore entered herein was vacated because of an unintentional but fatal irregularity in practice, viz., the failure, by petitioners, to serve certain affidavits upon the opposing parties

---

* See S. C., 130 Misc. 448.

(*People ex rel. Del Mar* v. *St. Louis, etc., R. Co.*, 47 Hun, 543; *Matter of Uvalde Asphalt Paving Co.*, 33 Misc. 699; *People ex rel. O'Donnell* v. *Bermel*, 51 id. 75; *People ex rel. Melledy* v. *Shea, No. 2*, 73 App. Div. 237), which affidavits were improperly considered in making the decision. The motion is again submitted to the court for its decision *de novo*, pursuant to a stipulation, entered into by all the interested parties, which specifies the affidavits and other papers that the court may consider in making its decision.

In December, 1925, after much investigation, the council of the city of Buffalo adopted the " zoning ordinance " for the better regulation of its building problems. Under said ordinance the city is divided into districts, and some kinds of businesses are not permitted in certain districts, especially in those of a residential character, or adjacent thereto, and the " dry cleaning " business is barred from the district in which said building is located, probably because almost all the property from the rear of the lots facing South Park avenue east of the city line is occupied by comfortable homes.

Said ordinance (§ 26) gives the building commissioner the sole power to issue permits, but he is prohibited from issuing any permit for the use of any premises unless the use is permitted by said ordinance. A board of appeals is provided (§ 27) which has power to review the acts of the said commissioner (§ 28) and affirm, modify or reverse the same, and the decision of said board may be reviewed (§ 28-h) by an order of certiorari.

The pertinent facts are substantially as follows: On October 30, 1926, one Patrick J. Walsh was the owner of said premises, the lot being fifty feet front on South Park avenue and one hundred and forty-five feet on Richfield avenue, with a building facing South Park avenue. On said day said petitioners, by agent, representing themselves as owners, applied for a permit to erect a building upon the rear of said lot, to be used for dry cleaning, said building to be of concrete block and brick construction, twenty-eight feet wide, eighteen feet long and twelve and one-half feet high, and on November 4, 1926, a permit was unlawfully issued by said building commissioner, but on December 4, 1926, said commissioner caused to be served upon said petitioners a written notice, as follows:

" *December* 3, 1926.

" HORWITZ BROTHERS,
                " 2154 Seneca St.,
                        " Buffalo, N. Y.

" GENTLEMEN.— On November 4, 1926, Permit No. 4937 was issued to you for a concrete and brick dry cleaning building, to be located in rear of premises No. 511 South Park Avenue.

" This permit was issued through a misunderstanding, and is in violation of the Zoning Ordinance which prohibits the erection of buildings for such use at this location.

" The Zoning Ordinance will permit at this location the use of the building for an office or store to receive or dispense goods to be cleaned or dyed; but not for operating or manufacturing purposes connected therewith.

" You will, therefore, please take notice that you will not be permitted under said permit to use the proposed building for dry cleaning purposes; and any portion of such permit purporting to permit such use is hereby revoked and cancelled.

" Yours truly,<br>" LAWRENCE J. SCHWAB,<br>" <em>Building Commissioner.</em>"

There is some dispute as to the amount of construction work that had been done upon said building before the said permit was revoked or modified to prohibit the erection of the building for dry cleaning purposes, but upon this and all other controverted questions of fact the answering affidavits must be regarded as true (*Matter of Weissman,* 198 App. Div. 498; *Matter of County of Ulster* v. *State Dept. of Pub. Works,* 211 id. 629), and according to those affidavits little work had been done.

On December 6, 1926, the petitioners again applied for a permit to erect said buildings to be used for " storage only." No permit was granted, but the building, there being no objection to it *per se,* was erected without interference, and then the petitioners applied for a permit to *use* it for the dry cleaning business, and upon the refusal of said commissioner to comply with their request, they appealed to said board of appeals, and on or about March 23, 1927, said board refused to issue a permit, but thereafter, at the request of the petitioners, reconsidered its action, and again considered their request at a public meeting on April 27, 1927, and again refused to issue a permit. The action of said board of appeals was not reviewed by an order of certiorari.

The petitioners are not entitled to the relief asked for, because the building commissioner has not refused to act. He has acted as the ordinance directs, and the court is without power, in this proceeding, to compel said commissioner to act in any particular manner. The correction of erroneous decisions must be done by an order of certiorari. " Mandamus is a remedy to command action, and cannot be made to serve the purpose of a writ of error, an appeal, or an order of certiorari." (2 Fiero Particular Act. & Pro. [4th ed.] 1872, 1873, and cases there cited.) It has been

specifically held that mandamus will not lie to compel a building commissioner to violate an ordinance. (*People ex rel. Auwell* v. *Calder*, 85 App. Div. 31.)

A party is not entitled to mandamus unless he is without any other adequate remedy (*Matter of Ottinger* v. *Voorhis*, 213 App. Div. 561; affd., 241 N. Y. 49), and the zoning ordinance provides an adequate remedy for review by order of certiorari, and the petitioners must use that remedy. (*People ex rel. Broadway & 96th St. Realty Co.* v. *Walsh*, 203 App. Div. 468.)

The motion for a peremptory order of mandamus is denied, without costs, and an order may be entered accordingly.