In the Matter of the Application of LOUIS HORWITZ and Others, Copartners, Doing Business under the Assumed Name of HOR-WITZ BROS., for a Peremptory Mandamus Order against LAW-RENCE J. SCHWAB, as Building Commissioner of the City of Buffalo, New York, and Another.

Supreme Court, Erie County, September 9, 1927.

**Municipal corporations — zoning ordinances — motion to modify order denying mandamus to compel building commissioner of city of Buffalo to grant permit for use of building in restricted district is denied.**

The application to modify or vacate an order, denying the applicant's motion for a peremptory order of mandamus to compel the building commissioner of the city of Buffalo to issue a certificate of occupancy and compliance for a certain building within a restricted district, is denied.

It is not intended that this or the former decision herein shall in any way limit the right to apply for a permit to use the building in question.

MOTION to vacate or modify order.

*Saperston, McNaughton & Saperston [Daniel N. McNaughton, Howard T. Saperston* and *Ralph K. Robertson*], for the motion.

*Frederic C. Rupp, Corporation Counsel [John E. Livermore* of counsel], for Building Commissioner and City of Buffalo.

*George H. Kennedy,* for intervening property owners, opposed.

NOONAN, J. This is a motion to vacate or modify an order entered herein on July 29, 1927, denying an application for a peremptory order of mandamus to compel the building commissioner of the city of Buffalo to issue a " certificate of occupancy and compliance " for a certain building erected for the petitioners, and for a resubmission of said application upon the papers used, pursuant to stipulation, on the first motion, and the affidavit of Howard T. Saperston and a letter from said building commissioner.

The reasons for the denial of said application have been fully stated (130 Misc. 158), and the only question now before the court is whether or not sufficient reasons have been shown for vacating or modifying said order.

In deciding this motion it is not necessary to consider whether or not the " dry cleaning " business is a nuisance. Therefore, the affidavits upon this point are irrelevant. The only problem before the court is to decide what relief, if any, may be granted the petitioners. They claim to have misunderstood the decision, and are fearful that it is a bar to further demands for relief.

The zoning ordinance (§ 26-C) requires the applicants for building permits to state " the use or uses to which the premises or proposed building is to be devoted." This enables the building commissioner to refuse a building permit if the proposed use is prohibited, and such refusal is a sufficient warning to the builder that he must proceed at his own risk.

Under said ordinance (§ 26-A) the building commissioner has " exclusive power to grant building and use permits," and there is no reason why the " use " permit may not be changed after the " building " permit is granted, provided the proposed use is not prohibited. This section also prohibits the said commissioner from issuing a permit unless the applicant has complied with all the requirements of the ordinance, and, by implication if not by express power, he may lawfully revoke or modify any permit that has been illegally or improperly granted.

Upon the argument of this motion counsel asked that the court direct said commissioner to act upon the permit of November 4,

29

1926. This has already been done in part by the commissioner's letter of December 3, 1926, which revoked and canceled that part of the permit relating to the use of the proposed building for " dry cleaning " purposes. The petitioners recognized this revocation by applying, on December 6, 1926, for a permit to erect a building to be used for " storage only." It was not necessary to act upon this application, because the petitioners already had a valid permit to erect said building.

Furthermore, the letter from said commissioner, which is relied upon, in part, to support this motion, explicitly states that the petitioners have never asked for a " certificate of occupancy and compliance " and " therefore none has been granted or denied." The court has no power to direct said commissioner to grant or deny something that has never been asked for, and this motion must be denied, without costs.

The zoning ordinance is so recent that the practice thereunder has not been settled, and it is only fair that the petitioners have their application for a permit to use the building reviewed by certiorari. Clearly the affidavit of Mr. March, chairman of the board of appeals, and said letter of the building commissioner are not in harmony. It is not intended that this or the former decision herein shall in any way limit the right to apply for a permit to use said building. If such an application is made it should be promptly acted upon by said commissioner. His action, if unfavorable, may then be reviewed by the board of appeals and its determination, if adverse, reviewed by an order of certiorari, as provided in said ordinance.

Let an order be entered accordingly.